UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| HEIDI ERICKSON | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. |
| | ) | 5:15-cv-00278-JMH |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF AGRICULTURE, ET AL. | ) | |
| Defendants. | ) | |
| | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court upon the Defendants' Motions to Dismiss this matter pursuant to Federal Rule of Civil Procedure 12(b)(6), including the Motion to Dismiss of the Commonwealth of Kentucky and Attorney General Andy Beshear [DE 10]; the Motion to Dismiss of the Cabinet of Health and Family Services ("the Cabinet"), Commonwealth of Kentucky, Wendy Cumpston, Division of Community Based Services ("DCBS"), John Doe, Meredith George, Tammy Goode, Janet Hall, Audrey Haynes, Douglas Howard, Alicia Hurst, Teresa James, Public Assistance Appeals Board ("PAAB"), and Margie Withrow [DE 11][1]; and the Motion to Dismiss by United States

---

[1] The Court notes that Defendant Mark Neff was not specifically included in the Motion to Dismiss filed by Defendants although this appears to be an oversight by Defendants. Regardless, Defendants' motions to dismiss are granted in their entirety as to all Defendants, including Mr. Neff, for the reasons stated herein.

Department of Agriculture ("USDA") and Secretary Tom Vilsack [DE 19]. The Plaintiff, appearing *pro se*, has not proffered a timely response to these dispositive motions (i.e. within twenty-one (21) days of the filing of these motions). Furthermore, the Plaintiff has failed to state a claim upon which relief can be granted. Therefore, pursuant to E.D. Ky. Local R. 7.1(c) and for the reasons that follow, the Defendants' Motions to Dismiss will be granted.

*I. BACKGROUND*

Though difficult to decipher, the latest in a series of the Plaintiff's complaints appears to arise originally from her disagreement with the calculation of the monthly SNAP benefit that the Cabinet determined she was eligible to receive. The Cabinet administers the Supplemental Nutrition Assistance Program ("SNAP") for the USDA Food and Nutritional Service, a food-purchasing assistance program that disburses monthly allocations of benefits to its recipients. On an annual basis, recipients of SNAP benefits must satisfy certain income and resource tests that account for recipients' medical and housing expenditures by providing for qualifying expenditures to be deducted from overall net income calculations. *See, e.g.*, 7 C.F.R. § 273.9(d). Specifically, under the current regulation, a household's annual SNAP benefits are calculated by subtracting 30 percent of that household's net monthly income from the maximum benefit allotment.

2

The Plaintiff's annual SNAP benefits were reduced by a decision of the Cabinet, when it was determined that the medical deduction that the Plaintiff claimed was inflated by non-qualifying medical expenses pertaining to her pet dog,[2] at her recertification in May 2013. Subsequently, the Plaintiff filed an appeal to the agency's decision, under KRS 13B.120, for judicial review in the Madison Circuit Court, and she also filed an action in federal court. The federal case was dismissed with prejudice for the Plaintiff having failed to state a claim upon which relief can be granted. *Erickson v. Kentucky*, 2015 WL 5680345 (E.D. Ky. Sept. 25, 2015).

In the present action, the Plaintiff disputes the agency's handling of her appeal. Nevertheless, instead of pursuing a remedy for her claim in state court--which the Defendants acknowledge is her right--she lodged this suit in federal court, alleging deprivation of $3,600 in SNAP benefits.

However, in keeping with her record of filing excessive legal actions,[3] the Plaintiff did not confine her complaint to

---

[2] The Court recognizes the Plaintiff's macabre history as a pet owner. *See* David B. Rochelson, *Dead Cats Found in Woman's Home*, HARVARD CRIMSON, May 12, 2003, available at: http://www.thecrimson.com/article/2003/5/12/dead-cats-found-in-womans-home/; Katherine G. Chan, *Cat Owner Faces Charges of Animal Cruelty*, HARVARD CRIMSON, October 19, 2004, available at: http://www.thecrimson.com/article/2004/10/19/cat-owner-faces-charges-of-animal/.

[3] This Court and Massachusetts' courts have previously admonished the Plaintiff's inordinately voluminous filings of frivolous legal actions. *See, e.g., Erickson v. Kentucky*, 2015 WL 5680345 (E.D. Ky. Sept. 25, 2015); *Erickson v. Massachusetts*, 2010 WL 2332153 (D.Mass. June 4, 2010). Additionally, the United States Supreme Court warned Plaintiff about her litigation tactics. *See*

3

challenging the amount of SNAP benefits that the Cabinet determined she is eligible to receive. The Plaintiff further alleges that: the Defendants deprived her of various "constitutionally protected rights" under the Fourteenth Amendment and 42 U.S.C. § 1983 ("Claim IV" [sic]); and the Defendants discriminated against her in violation of KRS §§ 344.010, 344.120, and 344.130, as well as the Americans with Disabilities Act, 42 U.S.C.S. §12101, et seq., and the Rehabilitation Act, 29 U.S.C. § 794 ("Count V" [sic] and "Count VI" [sic], respectively). The Plaintiff is seeking a declaratory judgment as well as actual and punitive damages against the parade of state and federal agencies and officials that she has named as Defendants in this action.

The state and federal Defendants filed Motions to Dismiss on March 24, 2016[4] and May 17, 2016,[5] respectively. Because the Plaintiff has failed to respond to either dispositive motion within

---

*Erickson v. Lau*, 559 U.S. 1104 (2010) ("petitioner has repeatedly abused this Court's process").

[4] The March 24, 2016 filings included two separately filed motions for the Commonwealth of Kentucky and its Attorney General. The first March 24, 2016 motion was filed by the Commonwealth of Kentucky and the Kentucky Attorney General, Andy Beshear, who assumed the named defendant Jack Conway's place, on January 6, 2016. As these defendants correctly note, pursuant to Fed. R. Civ. P. 25(d), Mr. Beshear is properly substituted for Mr. Conway, in his official capacity as the Kentucky Attorney General, as a party to this action. *Kentucky v. Graham*, 473 U.S. 159, 166 n.11 (1985). The second March 24, 2016 motion was filed by the Commonwealth of Kentucky, Cabinet for Health and Family Services and its Secretary Vickie Glisson (who succeeded former Cabinet Secretary Audrey Haynes in 2016); DCBS and its Commissioner Adria Johnson (who succeeded former DCBS Commissioner Teresa James in 2016); DCBS employees Alisha Hurst, Margie Withrow, Tammy Goode, and Windy Cumpston; PAAB; PAAB members Meredith George, Janet Hall, and Douglas Howard; and "John Doe," representing other not named employee participants in the action.

[5] The May 17, 2016 motion was filed by the United States Department of Agriculture and its Secretary Tom Vilsack.

4

twenty-one (21) days and has failed to state a claim upon which relief can be granted, this Court hereby dismisses the Plaintiff's complaint pursuant to Local Rule 7.1(c) and Fed. R. Civ. P. 12(b)(6).

## II. ANALYSIS

*A. Failure to Timely Respond to Defendants' Motions*

Rule 7.1(c) of the Joint Local Rules of Civil Practice of this Court permits this Court to dismiss a complaint in the event that a plaintiff does not file a timely response to a defendant's motion to dismiss. "A party opposing a motion must file a response memorandum within twenty-one (21) days of service of the motion. Failure to timely respond to a motion may be grounds for granting a motion." LR 7.1(c).

In the case at bar, the Defendants filed Motions to Dismiss on March 24, 2016 and May 17, 2016. Local Rule 7.1(c) requires that the Plaintiff file a response memorandum within twenty-one (21) days of service of the motions. Even assuming *arguendo* that the Plaintiff was served one week *after* each motion was filed with the court, the Plaintiff should have filed her response memorandum by April 21, 2016, and June 14, 2016. In light of the Plaintiff's failure to timely respond to either of these motions, the Court grants the Defendants' Motions to Dismiss, pursuant to Local Rule 7.1(c).

*C. Failure to State Claim Upon Which Relief Can Be Granted*

5

In deciding the propriety of the Defendants' Rule 12(b)(6) motions, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Jones v. City of Cincinnati*, 521 F2d 555, 559 (6th Cir. 2008). To the extent they can be discerned, and assuming the Plaintiff's allegations as true, the Court must then apply the federal statutory requirements of the sources of law on which the Plaintiff's claims rely.

A well-pleaded complaint may survive a motion to dismiss even if the facts it states are improbable. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, (2007). However, this Court is not bound to accept as true the Plaintiff's "recitals of the elements of a cause of action, supported by mere conclusory statements," *Ashcroft v. Iqbal*, 556 U.S. 662, 678. Legal conclusions receive no deference, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (cited with approval in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "'fair notice of what the... claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). This Court will dismiss a complaint if the

factual allegations in the complaint are not sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, at 235-36 (3d ed. 2004)).

The Plaintiff alleges, with vague references to the U.S. Constitution and federal statute, that Defendants deprived her of rights protected under the Fourteenth Amendment, the Americans with Disabilities Act, 42 U.S.C.S. §12101, et seq., and certain sections of the Rehabilitation Act of 1973, 29 U.S.C. §794, as well as discriminated against her in violation of KRS §§344.010, 344.120, and 344.130. This Court will only address Plaintiff's claims arising in federal law, given that the state courts are the proper forum for adjudging her claims arising under Kentucky statutory law, because she has filed administrative appeals to Cabinet decisions that are in abeyance pending judicial review in state circuit court.[6]

The Disability Rights Statutes, including Title II of Americans with Disabilities Act, 42 U.S.C. §12131, et seq., and §504 of Rehabilitation Act, 29 U.S.C. § 794, do not create a cause

---

[6] Specifically, the Court need not address these issues when precluded from doing so by the *Younger* abstention doctrine when, "there are state proceedings that are (1) currently pending; (2) involve an important state interest; and (3) will provide the federal plaintiff with an adequate opportunity to raise his or her constitutional claims." *Habic v. City of Dearborn*, 331 F.3d 524, 530 (6th Cir. 2003). Thus, because the state courts present the proper forum for addressing her claims arising under state law and the same forum will consider her constitutional claims, it is unnecessary for the court to address these issues here.

7

of action against agency officials in their personal capacities but merely against the agencies themselves. *Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 808 n.1 (6th Cir. 1999). Thus, the Plaintiff's claim against the individual Defendants in their personal capacity must fail as a matter of law. *Erickson v. Kentucky*, 2015 WL 5680345 (E.D. Ky. Sept. 25, 2015).

Title II of Americans with Disabilities Act, 42 U.S.C. §12131, et seq., and §504 of Rehabilitation Act, 29 U.S.C. § 794, are principally concerned with equal access to programs and facilities of public entities. *See* 42 U.S.C. §§12131(1) & 12132; *Blatch v. Hernandez*, 360 F.Supp.2d 595 (S.D. N.Y. 2005). The Rehabilitation Act of 1973 affords a personal cause of action, against public entities only, to persons who are excluded from federally funded programs because they are handicapped. See, e.g., *Carter v. Orleans Parish Public Schools*, 725 F.2d 261, 262 (5th Cir. 1984). "To make out a prima facie case under Title II of the ADA, [the Plaintiff] must establish that (1) [she has] disabilities; (2) [she is] otherwise qualified; and (3) [she is] being excluded from participation in, being denied the benefits of, or being subjected to discrimination under the program . . . because of [her] disabilities." *Ewbank v. Gallatin Cnty., Ky.*, 2006 WL 197076, at *5 (E.D. Ky. Jan. 17, 2006) (citing *Jones v. City of Monroe*, 341 F.3d 474, 477 (6th Cir.2003)).

8

The Plaintiff was determined by the Cabinet to be both eligible and qualified. However, the plaintiff has not proffered any indication that she was deprived of the benefits because of her disabilities. While the documents filed by *pro se* litigants are "to be liberally construed," *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal citations omitted), at no point in her rambling, incoherent complaint does the Plaintiff appear to premise her claim on any agency decision in calculating her annual SNAP benefits or handling her appeal from the recertification that would raise an inference of discrimination. To wit, Cabinet employees are bound to make decisions in compliance with the regulations governing SNAP benefit allocations. *See* 7 C.F.R. §273 and 921 KAR §3:020. Even taking the Plaintiff's allegations as true, there is no indication that the recalculation of the Plaintiff's SNAP benefits and the subsequent appeals process has been anything other than by the book. By contrast, the Plaintiff appears to be trying to short-circuit an objectively fair allocation decision and appeals process. *See* KRS §13B.110.

To the extent that the Plaintiff argues that the state and federal agencies she named as Defendants are implementing a discriminatory statute, her claim is without merit, because "nothing in the [ADA] requires that any benefit extended to one category of handicapped persons also be extended to all other categories of handicapped persons." *See Traynor v. Turnage*, 484

9

U.S. 535, 549 (1988) (interpreting the Rehabilitation Act); *see also Johnson v. City of Saline*, 151 F.3d 564 (6th Cir. 1998) (looking to the Rehabilitation Act for guidance in construing the ADA).[7]

While the Plaintiff now contends that she was deprived of SNAP benefits because she is disabled, and thus alleging *de facto* discrimination, she has not adduced sufficient evidence to create genuine issue of material fact that the Cabinet's determinations were based on anything other than following the objective administrative regulations governing the apportionment of SNAP benefits, and upholding its earlier determination on the Plaintiff's appeals. On the other hand, the Plaintiff has done little more than offer conclusory statements that she is disabled and that she has been dispossessed of SNAP benefits. Since the Plaintiff failed to produce evidence that she was denied access to any public service and that this denial was because of her disability, her claim against the agencies must not to survive the

---

[7] "[T]he benefit here was not denied because Plaintiff was disabled, it was denied because she did not meet the criteria for a 'special benefit' given to certain disabled individuals 'that is not provided to other disabled [individuals].' *Traynor*, 484 U.S. 535, 549. '[T]he exclusion of a specific class of handicapped persons from aids, benefits, or services limited by Federal statute or executive order to a different class of handicapped persons is [permitted] by' the very regulation that prohibits disability discrimination in programs like SNAP. 45 C.F.R. § 84.4." *Erickson v. Kentucky*, 2015 WL 5680345 (E.D. Ky. Sept. 25, 2015).

10

Defendants' Motions to Dismiss. *Thompson v. Williamson County*, 219 F.3d 555 (6th Cir. 2000).[8]

Finally, the Sixth Circuit has previously held that there is "no protectable property interest in the continuous entitlement to food stamps beyond the expiration of [a] certification period." *Banks v. Block*, 700 F.2d 292, 297 (6th Cir. 1983). Moreover, this Court has held that the "Plaintiff's certification period extinguished *any* property interest she had in SNAP benefits. The recertification process determined the scope, if any, of Plaintiff's property rights for the challenged period. The Cabinet satisfied the Fourteenth Amendment by giving Plaintiff her reduced benefits." *Erickson v. Kentucky*, 2015 WL 5680345 (E.D. Ky. Sept. 25, 2015). The Plaintiff has also failed to prove: "(1) that [s]he was deprived of a protected liberty or property interest, and (2) that such deprivation occurred without the requisite due process of law." *Pittman v. Cuyahoga County Dept. of Children and Family Services*, 640 F.3d 716, 729 (6th Cir. 2011). Thus, the Plaintiff's claims of deprivation are not based on a protectable property

---

[8] The Court agrees with both the Commonwealth of Kentucky and Kentucky Attorney General Andy Besehar, as well as the U.S. Department of Agriculture and its Secretary Tom Vilsack, that the Plaintiff's complaint is bereft of allegations against these parties, and even if it did contain allegations against these parties: (1) the Kentucky parties are afforded protection from the Plaintiff's suit under the Eleventh Amendment of the U.S. Constitution, *Welch v. Texas Dep't of Highways and Transp*., 483 U.S. 468, 480 (1987); and (2) the federal parties are not subject to the discrimination claims asserted by the Plaintiff, *West v. Atkins*, 487 U.S. 42, 48 (1988) (holding that 42 U.S.C. §1983 only applies to individuals acting under color of state law); *FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (holding that a Plaintiff may not sue the United States or its agencies for constitutional claims).

interest, and the putative due process claims arising under the Fourteenth Amendment, that she appears to be alleging in her complaint, must fail as a matter of law.

## III. CONCLUSION

This dispute arises not from legal origins but rather from the Plaintiff's continued and recurring dissatisfaction with a state agency's decision to reduce her SNAP benefits. This Court has already provided closure to that dispute, *Erickson v. Kentucky*, 2015 WL 5680345 (E.D. Ky. Sept. 25, 2015), and the Plaintiff would be wise to take her grudging and grievances elsewhere. Because the State has provided a reasonable process for her to raise her objections to state agency determinations, the Plaintiff may not present this Court with unsubstantiated claims that merely restate her disagreement with the Cabinet's and this Court's earlier decision.

Once again, this Court directs the Plaintiff to Fed. R. Civ. P. 11, which, in part, requires parties filing with the Court to certify that their "claims ... and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11; *see also* Ky. R. Civ. P. 11 (pertaining to the state companion rule establishing an essentially identical standard). Although she has not yet learned

12

her lesson over the course of several frivolous law suits in the federal and state courts, this Court implores that the Plaintiff pay careful attention to the component of Rule 11 describing sanctions before filing with this Court, or any other, in the future. Fed. R. Civ. P. 11(c).

"This Court has discretion not to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) when, as here, all claims over which there existed original jurisdiction are dismissed." *Erickson v. Kentucky*, 2015 WL 5680345 (E.D. Ky. Sept. 25, 2015) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966)). Accordingly, the Court holds that the Plaintiff has failed to timely respond to the Defendants' Motions to Dismiss, and the Plaintiff's substantive complaint fails to allege sufficient facts to support a plausible claim upon which relief can be granted.

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. that the Motion to Dismiss of the Commonwealth of Kentucky and Attorney General Andy Beshear [DE 10] is **GRANTED**;

2. that the Motion to Dismiss of the Cabinet of Health and Family Services, Commonwealth of Kentucky, Wendy Cumpston, Division of Community Based Services, John Doe, Meredith George, Tammy Goode, Janet Hall, Audrey Haynes, Douglas Howard, Alicia Hurst, Teresa James, Public Assistance Appeals Board, and Margie Withrow [DE 11] is **GRANTED**;

3. that the Motion to Dismiss by United States Department of

Agriculture and Secretary Tom Vilsack [DE 19] is **GRANTED**;

    4. that all claims alleged in the Complaint [DE 1] against all Defendants are **DISMISSED WITH PREJUDICE**;

    5. that all pending motions or requests for relief are **DENIED AS MOOT**;

    6. that all deadlines and scheduled proceedings are **CONTINUED GENERALLY**;

    7. that the Clerk shall **STRIKE THIS MATTER FROM THE ACTIVE DOCKET;**

    8. that this ORDER is **FINAL AND APPEALABLE ORDER** and **THERE IS NO JUST CAUSE FOR DELAY.**

    This the 23rd day of June, 2016.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge